

# THE ATTORNEY GENERAL
## OF TEXAS

January 9, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Dick Alcala  
District Attorney  
Tom Green County Courthouse  
San Angelo, Texas    76903

Opinion No.   JM-617

Re:  Whether a felony defendant is liable for fees under former article 1025 of the Code of Criminal Procedure

Dear Mr. Alcala:

You have requested our opinion regarding the authority of the district clerk of Tom Green County, Texas, to charge felony defendants with costs pursuant to article 1025 of the 1925 Texas Code of Criminal Procedure.  By "costs," you refer to the fees which could formerly be collected under that statute.  The 1985 Legislature expressly repealed article 1025 as part of a non-substantive recodification.  Acts 1985, 69th Leg., ch. 269, §5, at 2342.  The redraft was based on the belief that article 3912e, which became effective in 1936, impliedly repealed article 1025.  See Code Crim. Proc. art. 104.002, revisor's note (Vernon 1986).  You ask whether the repeal was a substantive change in the law and therefore invalid.

Former article 1025 stated that a county or district attorney may receive fees for all felony convictions obtained in the prosecution of a criminal offense with specific exceptions.  Code Crim. Proc. art. 1025 (1925).  That provision provided:

> Art. 1025.  In each county where there have been cast at the preceding presidential election 3000 votes or over, the <u>district or county attorney</u> shall receive the following <u>fees</u>:
>
> For all convictions of felony when the defendant does not appeal, or dies or escapes after appeal and before final judgment of the appellate court, or when the judgment is affirmed on appeal, twenty-four dollars for each felony other than felonious homicide, and forty dollars for each such homicide.
>
> For representing the State in each case of habeas corpus where the applicant is charged with felony, sixteen dollars.

> In each county where less than 3000 such votes have been so cast, such <u>attorney</u> shall receive thirty dollars for each such conviction of felony other than homicide, and fifty dollars for each such conviction of felonious homicide, and twenty dollars for each such habeas corpus case. (Emphasis added).

In order to ascertain the meaning of article 1025, it must be construed together with former article 1018, which provides in part as follows:

> When the defendant is convicted, <u>the costs and fees paid by the State</u> under this title shall be a charge against him . . . and when collected shall be paid into the State Treasury. (Emphasis added).

Code Crim. Proc. art. 1018 (1925). Thus, the state paid those fees to the county and district attorneys for services performed by the official. The statute did not provide any authority for the county clerk to collect these fees from the defendant.

With the adoption of article XVI, section 61, of the Texas Constitution, the state was prohibited from paying fees for compensation for work performed by certain county and district officers. <u>See</u> Tex. Const. art. XVI, §61. Article 3912e, V.T.C.S., was enacted to implement that constitutional provision. Sections 1 and 2 of article 3912e provide in part:

> Section 1. <u>No district officer shall be paid by the State of Texas any fees</u> or commissions for any service performed by him; <u>nor shall the State</u> or any <u>county pay</u> to any <u>county officer</u> in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any <u>fee</u> or commission for any service by him performed as such officer. . . . (Emphasis added.)

Accordingly, article 3912e, V.T.C.S., impliedly repealed former articles 1018 and 1025 of the Code of Criminal Procedure and therefore the county clerk of Tom Green County is not authorized to charge felony defendants with costs pursuant to article 1025. Therefore, the 1985 legislation did not make any substantive change in the application of former article 1025 to the collection of fees because article 1025 was impliedly repealed before. <u>See</u> Code Crim. Proc. art. 104.002; <u>see also</u> Code Crim. Proc. art. 104.002, revisor's note (Vernon 1986).

You also ask whether section 13 of article 3912e, V.T.C.S., has any effect on or relation to former article 1025 of the Code of Criminal Procedure. We conclude that it does not. As indicated above, former article 1025 applied to district or county attorneys. Code Crim. Proc. art. 1025 (1925). Section 13 of article 3912e, V.T.C.S., was amended by the Sixty-ninth Legislature to exclude county attorneys from its application. See Acts 1985, 69th Leg., ch. 480, §5, at 4067. Section 13 has never applied to the district attorney of a county performing the functions of that office. See Acts 1935, 44th Leg., 2nd C.S., ch. 465, §13, at 1769. Thus, the district attorney of Tom Green County is not affected by the provision.

Moreover, the compensation of a district attorney is determined by the legislature. See Gov't. Code §43.001. The salary of the county attorney who is paid wholly from county funds are provided for under article 3912k, V.T.C.S. Accordingly, section 13 of article 3912e, V.T.C.S., does not have any effect on or relation to former article 1025 of the Code of Criminal Procedure.

## S U M M A R Y

The 1985 legislation, which expressly repealed former article 1025 of the Code of Criminal Procedure, did not make any substantive change regarding the applicability of that statute. Article 3912e, V.T.C.S., impliedly repealed article 1025 of the Code of Criminal Procedure in 1935. A county clerk is not authorized to collect this fee. Section 13 of article 3912e, V.T.C.S., has no relation to or effect on article 1025.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General